[Doc. No. 23]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KAREEM McCRAY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil No. 10-2346 (RMB/JS) |
| : | |
| NEW JERSEY STATE POLICE, : | |
| et al., : | |
| : | |
| Defendants. : | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the "Second Motion to Dismiss and/or For Default Pursuant to Fed. R. Civ. P. 37(b)(2)(v) [and] (vi)" [Doc. No. 23] filed by defendant Thomas Rawls (hereinafter, "defendant"). ("Def.'s Second Motion"). No opposition has been filed to the motion. This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B). The Court exercises its discretion to decide defendant's motion without oral argument. Fed. R. Civ. P. 78; L. R. Civ. P. 78.1. For the reasons to be discussed, the Court respectfully recommends that defendant's motion be GRANTED and that plaintiff's complaint be dismissed.

Plaintiff filed his complaint on May 10, 2010, alleging he was subjected to excessive force during his arrest on March 26, 2010. [Doc. No. 1]. On July 14, 2010, the Court Ordered that only those claims against defendant and three other unnamed State Troopers could proceed, dismissing all remaining claims without prejudice for lack of jurisdiction. [Doc. No. 2]. Defendant filed his answer on October 28, 2010, denying all material allegations of plaintiff's complaint. [Doc. No. 11]. After plaintiff failed to appear at a scheduled conference on November 17, 2010, the Court held the Initial Scheduling Conference on December 21, 2010

[see Doc. No. 17] and issued a Scheduling Order [Doc. No. 16] setting the relevant dates for discovery.

On January 26, 2011, defendant served plaintiff, by overnight mail, with Interrogatories and a Request for Production of Documents at the address provided by plaintiff during the Initial Scheduling Conference. See Defendant's Certification in Support of Motion to Dismiss at ¶ 10 [Doc. No. 23-2] ("Def.'s Cert."). Defendant avers that on March 30, 2011, he sent plaintiff a letter, by certified and regular mail, requesting he respond to defendant's discovery requests. (Def.'s Cert. at ¶ 12). Although the certified letter was returned as unclaimed, the copy sent via regular mail was never returned. (Id. at ¶ 13). Defendant also maintains he was able to confirm that plaintiff received a third copy of the letter sent by e-mail. (Id.). On June 27, 2011, defendant sought leave of court to move for dismissal of the case. Letter from Deputy Attorney General Vincent J. Rizzo, Jr. ("Rizzo Letter") [Doc. No. 18]. Defendant sent a copy of the Rizzo Letter to plaintiff by certified and regular mail. (Def.'s Cert. at ¶ 14). Defendant asserts he received a "green card" certifying delivery, "with what appears to be plaintiff's signature in pink colored ink, feint [sic] but readable." (Id.).

On June 30, 2011, the Court denied defendant's June 27, 2011 request for relief as untimely, because the request came after the deadline for all discovery motions and applications and because defendant failed to establish good cause excusing the late submission. [Doc. No. 19]. The Court, however, also extended the deadline for filing dispositive motions to July 15, 2011. [Id.]. On that date, defendant filed his first "Motion to Dismiss and/or Default Pursuant to Fed. R. Civ. P. 37 (b)(2)(v) [and] (vi)." [Doc. No. 20]. Plaintiff did not respond to the motion. On September 22, 2011, the Court denied the motion without prejudice. September 22, 2011

Order at 4 [Doc. No. 22]. The Court Ordered plaintiff to respond to defendant's discovery requests by October 6, 2011, informed plaintiff that his failure to comply with discovery could lead to dismissal of the lawsuit, and gave defendant leave to renew his motion for sanctions "in the event plaintiff fails to timely comply with [the] Order." (Sept. 22, 2011 Order at 4-5). Defendant sent plaintiff a copy of the Order via certified and electronic mail, along with a cover letter explaining the consequences of plaintiff's failure to comply with the Order. (See Def.'s Cert. at Ex. A). Defendant asserts he received a signed "green card" from plaintiff, confirming receipt of defendant's correspondence. (Def.'s Cert. at ¶ 20, Ex. C). Beyond this return receipt, defendant contends "neither discovery responses nor contact of any other kind or nature has been received from plaintiff." (Id. at ¶ 21).

On October 21, 2011, Defendant filed the present motion. On October 27, 2011, the Court ordered plaintiff to appear on November 14, 2011 to show cause why his complaint should not be dismissed for failure to comply with the Court's Order of September 22, 2011. [See Doc. No. 24]. Plaintiff failed to attend the hearing.

Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v), if a party fails to obey a discovery order a Court is authorized to enter an Order "dismissing the action or proceeding in whole or in part." See Porten v. Auto Zone, Civ. No. 10–2629 (RMB/JS), 2011 WL 2038742, at *1 (D.N.J. May 24, 2011) (dismissing plaintiff's complaint for failure to respond to discovery). Dismissal is an "extreme" sanction, reserved for cases where a party has acted in "flagrant bad faith" and "callous disregard of [his] responsibilities." Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976). In determining whether dismissal is appropriate for a party's failure to participate in discovery, the Court balances six factors:

3

> (1) the extent of a party's personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis in original). The decision whether to dismiss is left to the Court's discretion. Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). No particular Poulis factor is controlling, and dismissal may be granted even if some factors are not met. Id.; Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

An analysis of the six Poulis factors supports a recommendation of dismissal in this case. First, plaintiff carries full personal responsibility for his failure to take part in the case because he proceeded in this action pro se. See Morales v. Trans Union LLC, Civ. No. 05-2549 (RMB), 2006 WL 2470375, at *1 (D.N.J. Aug. 23, 2006). Second, defendant is prejudiced by plaintiff's failure to produce discovery. Defendant has been deprived of information in plaintiff's possession that he needs to develop his defense, and was forced to spend significant time and resources in an effort to obtain plaintiff's responses, which to date have not been produced. See McEwen v. Mercer Cnty. Corr. Ctr., Civ. No. 05-2566 (JAP), 2007 WL 1217357, at *3 (D.N.J. Apr. 24, 2007) (citing Adams v. Trustees of New Jersey Brewery Employee's Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994)). Third, there is a history of dilatoriness on the part of plaintiff. Plaintiff has failed to respond to written discovery and has ignored Court Orders. Fourth, plaintiff's actions have been willful. Plaintiff received notice of the Court's Orders, and his actions indicate he has made a conscious and deliberate decision not to comply. Fifth, the Court does not believe there is an available alternative sanction to obtain the requested discovery.

It is apparent to the Court that plaintiff has no intention of complying with the Court's discovery Orders or pursuing his claims.  See Porten v. Auto Zone, supra, at *1 (identifying plaintiff's inaction as a "clear message" of intent to abandon case).  This is evidenced by plaintiff's failure to respond to defendant's discovery requests by the Court-ordered deadline of October 6, 2011 [see Doc. No. 22], and his failure to appear before the Court on November 14, 2011 to show cause for his prior noncompliance.  [See Doc. No. 24].  Last, the Court considers whether plaintiff's claims are meritorious.  In considering whether a claim or defense is meritorious, a summary judgment standard is not used.  Poulis, 747 F.2d at 869-70.  Instead, a "claim or defense will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by the plaintiff or would constitute a complete defense."  Id.  On its face, the Court cannot say that the complaint is without merit.  See July 14, 2010 Order (finding plaintiff's claims against defendant sufficient to withstand sua sponte dismissal).

Despite the possible merit of plaintiff's claims, the balance of the Poulis factors overwhelmingly favors dismissal.  See Opta Systems, LLC v. Daewoo Electronics America, Civ. No. 05-5387 (JAP), 2007 WL 1040994, at *4 (D.N.J. 2007).  The Court recognizes that dismissal of a complaint is reserved for the most extreme cases.  Poulis, 747 F.2d. at 867-68.  Nevertheless, the Court believes this drastic relief is appropriate.  Plaintiff willfully refused to cooperate in discovery, and his conduct manifests his intention not to produce discovery or to comply with the Court's Orders.  This being the case, there is no lesser alternative sanction available to defendant than to dismiss plaintiff's complaint.

5

Accordingly, and for the foregoing reasons, it is this 17th day of January, 2012, respectfully recommended that defendant's "Second Motion to Dismiss and/or For Default Pursuant to Fed. R. Civ. P. 37(b)(2)(v) [and] (vi)" [Doc. No. 23] be GRANTED, and that plaintiff's complaint be dismissed.  Pursuant to Fed. R. Civ. P. 72 and L. Civ. R. 72.1(a)(2), the parties shall have ten (10) days from the date of this Order in which to file any objections with the Court.

                                              s/ Joel Schneider
                                              JOEL SCHNEIDER
                                              United States Magistrate Judge